IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PLANET SUB HOLDINGS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00577-BCW |
| ) | |
| STATE AUTO PROPERTY & ) | |
| CASUALTY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant State Auto Property & Casualty Company, Inc.'s Motion for Judgment on the Pleadings. (Doc. 29). The Court, upon review of parties' arguments, the record, and applicable law, grants said motion.

**BACKGROUND**

This matter stems from a dispute on an insurance policy ("the policy") issued by the Defendant to Plaintiffs on November 1, 2019. Plaintiffs are Missouri and Kansas corporations that operate restaurants in Missouri, Kansas, and Oklahoma. (Doc. 1 at 2-3). The policy covers Plaintiffs' locations in Missouri, Kansas, and Oklahoma.

The policy insures "direct physical loss of or damage to Covered property at the premises . . . caused by or resulting from any Covered Cause of Loss." (Doc. 18-13 at 128). "Covered Causes of Loss" is defined to include "Risks of Direct Physical Loss unless the loss is" excluded elsewhere in the policy. (Doc. 18-13 at 129). The policy does not define "Direct Physical Loss".

The policy has three endorsements which provide for lost income. First, the policy provides coverage for Business Income, "the actual loss of Business Income you sustain due to the necessary

1

Case 4:20-cv-00577-BCW     Document 57     Filed 05/19/21     Page 1 of 11

suspension of your 'operations' during the 'period of restoration.' The suspension must be caused by direct physical loss of or damage to property." (Doc. 18-13 at 131)

Second, the policy provides coverage for Extra Expense, to "avoid or minimize the suspension of business and to continue 'operations.'" (Doc. 18-13 at 132). The Policy provides the Defendant will only pay if the loss occurs "within 12 consecutive months after the date of direct physical loss or damage." (Doc. 18-13 at 133).

Third, the policy contains a Civil Authority Endorsement, which covers actual loss of Business Income sustained by a civil authority prohibiting access to the premises due to direct physical loss of or damage to the property.

On March 21, 2020, Kansas City, Missouri officials issued a civil authority order, ordering all businesses to suspend in-person operations unless declared an "essential business." The order allowed restaurants to offer delivery and carry-out. On April 3, 2020, the State of Missouri issued an order limiting building occupancy among other things.

On March 22, 2020, Johnson County, Kansas officials issued an order requiring all restaurants to suspend dine-in operation; restaurants could continue to offer carry-out. On March 28, 2020, the State of Kansas issued an order deeming restaurants essential businesses, but limited operations to take out, curbside and delivery food.

On April 1, 2020, the State of Oklahoma issued an order requiring restaurants to follow social distancing rules and exclusively offer takeout, curbside and delivery.

Subsequently, Plaintiffs filed a loss claim under the policy, citing the presence of COVID-19 and the orders referenced above forced them to suspend dining room operations, therefore resulting in an alleged loss under the policy. Plaintiffs continued to provide delivery and carry-out

services during the various civil authority orders. On April 24, 2020, Defendant denied Plaintiffs' claim.

On July 22, 2020, Plaintiffs filed their complaint alleging 8 claims predicated on the policy's three endorsements for loss income and a Sue and Labor Provision[1], because Defendant's denied their loss claim. The alleged Counts are: Count I – Declaratory Judgment – Business Income Coverage; Count II – Breach of Contract – Business Income Coverage; Count III – Declaratory Judgment -Extra Expense Coverage; Count IV – Breach of Contract – Extra Expense Coverage; Count V – Declaratory Judgment – Civil Authority Coverage; Count VI – Breach of Contract – Civil Authority Coverage; Count VII – Declaratory Judgment – Property Loss Condition Coverage; Count VIII – Breach of Contract – Property Loss Condition Coverage. (Doc. 1). On September 10, 2020, Defendant filed its answer. (Doc. 18).

On October 23, 2020, Defendant filed the instant motion for judgment on the pleadings arguing it is entitled to judgment as a matter of law on each of Plaintiffs' claims. Specifically, Defendant argues there is no genuine issue of material fact and it is entitled to judgment as a matter of law, because Missouri choice of law analysis provides for Kansas law to apply to the policy; each policy provision Plaintiffs seek coverage under (Busines Income, Extra Expense, Civil Authority, and Property Loss Coverage) fails to establish a "direct physical loss of or damage to property." Additionally, Defendant argues, Plaintiffs' assertion that viral particles are likely floating through their restaurants is conclusory and fails to demonstrate a direct physical loss under Kansas law.

---

[1] The policy does not include a "Sue and Labor" endorsement, therefore the Court construes Plaintiffs' Counts VII and VIII under the Property Loss Conditions endorsement.

In opposition, Plaintiffs argue the Court should allow Plaintiffs to commence limited discovery to determine the state law governing the policy and they have sufficiently alleged plausible claims for coverage under the policy.

In the instant motion, the Court need only discuss Counts I, II, V, VI, VII and VIII[2].

## LEGAL STANDARD

The same standard of review applies to motions under Fed. R. Civ. P. 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Fed R. Civ. P. 12(c) requires the Court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in their favor." Id. (citation omitted). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendants is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." 552 F.3d at 665.

---

[2] Counts III and IV seeks coverage under the Business Income Endorsement, Counts III and IV's viability depends on the viability of Counts I and II.

**ANALYSIS**

Because the policy does not include a choice of law provision to determine whether Defendant is entitled to judgment on the pleadings, the Court must first determine what law governs Plaintiffs' claims. After the Court's determination, the Court will address whether Plaintiffs sufficiently alleged a direct physical loss pursuant to the policy under the applicable state's governing law.

I. **Kansas substantive law applies.**

Parties agree Missouri choice of law analysis applies. Parties disagree on which section of the Restatement (Second) Conflicts of Law applies. Missouri has adopted two sections of the Restatement. Defendant argues Mo. Rev. Stat. §§ 188 and 193 apply, yet only addresses Section 188 in its argument. In opposition, Plaintiffs argue Section 193 comment f applies and determination of choice of law is premature at this stage of litigation. The question before the Court is which section of the Restatement applies.

Missouri has adopted Section 188 and 193 of the Restatement (Second) of Conflicts of Laws (1971) for the purpose of determining which state's law governs the interpretation of insurance contracts absent a choice of law provision. Doe Run Res. Corp v. Certain Underwriters at Lloyd's London, 400 S.W.3d 463, 472 (Mo. Ct. App. 2013).

Under Section 188 "the law of the state with the most significant relationship to the parties governs." Id. "The contacts to be taken into account when identifying the most significant relationship include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties." Id.

Under Section 193, "the validity of a contract of . . . surety or casualty insurance . . .[is] determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties, in which event the local law of the other state will be applied." Id.

"However, Comment f to § 193 recognizes a special problem: where a single policy insures risks located in several states." Id. at cmt. f. (internal quotations omitted). Comment f states: "A single policy may, for example, insure dwelling houses in states X, Y, and Z . . . . Presumably, the courts would be inclined to treat such a case, at least with respect to most issues, as if it involved three policies, each insuring an individual risk. So, if the house located in state X were damaged by fire, . . . the court would determine the rights and obligations of the parties under the policy, at least with respect to most issues, in accordance with the local law of X." Id.

"Comment f outlines the choice of law rules for insured risks that (1) are located in various states and (2) are stationary or otherwise immovable." Id. "In such circumstances, the court should consider there to be separate policies for each insured risk and apply the local law of the state in which the insured risk resides." Id.

Defendant argues Section 188 applies because the state of Kansas satisfies the most significant relationship test. Specifically, Defendant argues the policy was issued in Kansas, Planet Sub Holdings, Inc., negotiated and procured the policy on behalf of all insureds and its principal place of business is Kansas, two of the three insureds on the policy are Kansas citizens, and the majority of the impacted locations are located in Kansas. Plaintiffs' oppose, arguing Comment f to Section 193 applies and case law supports this position.

6

Here, upon review of the policy and arguments the Court finds "no indication that the parties intended a different state's law to control interpretation of the insurance policies." St. Paul Fire and Marine Ins. Co. v. Building Const. Enter., Inc., 526 F.3d 1166, 1169 (8th Cir. 2008). Therefore, "the multi-factored Section 188 test, rather than the site-specific Section 193 test, appli[es]." Id. Furthermore, Section 188 is satisfied because the place of contracting was Kansas, the place of negotiating was Kansas, the place of performance is Kansas, Oklahoma and Missouri, the location of the subject matter of the contract was Kansas, Oklahoma and Missouri, the domicile of the contracting parties was Kansas and Missouri. Thus, upon review, the state with the most significant relationship appears to be Kansas.

However, even if the Court applied Section 193 comment f, as Plaintiff asserts, the outcome would remain the same. Notably, Kansas, Missouri and Oklahoma law all support the same conclusion in the interpretation of damages of an insurance contract. Goodwill Indus. of Cent. Ok., Inc. v. Phila. Indem. Ins. Co., No. CV-20-511, 2020 WL 8004271 (W.D. Ok. Nov. 9, 2020); See Promotional Headwear Int'l v. Cincinnati Ins. Co., No. 20-CV-2211, 2020 WL 7078735 (D. Kan. Dec. 3, 2020); See also BBMS, LLC v. Cont'l Cas. Co., No. 20-0353, 2020 WL 7260035 (W.D. Mo. Nov. 30, 2020). Therefore, application of Section 193 is merely academic and fails to sway the nature of this case.

The Court finds, under Section 188, Kansas law applies.

**II. Defendant's Motion for Judgment on the Pleadings is Granted as to Plaintiffs' Counts I and II Business Income Claims and Counts III and IV Extra Expense Coverage Claims.**

Defendant argues Plaintiffs' assertion that the insured premises was likely contaminated with COVID-19 fails to give rise to a direct physical alteration of any conditions of the properties at issue. Plaintiffs oppose, arguing the Policy fails to define "direct physical loss" and Defendant's

reliance on Kansas law is inept. The Court has already addressed pursuant to the Restatement (Second) of Conflicts of Laws § 188 that Kansas law applies. The Court finds the issue is whether Plaintiffs have properly alleged "direct physical loss."

The interpretation of an insurance policy is a question of law, to which Kansas law applies. See O'Bryan v. Columbia Ins. Grp., 274 Kan. 572, 576 (Kan. 2002); "[i]n determining whether a contract is ambiguous, one must look to the contract as a whole to attempt to determine the intent of the parties." Id. "If . . . the court finds the language of a contract to be ambiguous, the facts and circumstances surrounding the execution of the contract should be considered in determining which one of two or more meanings was intended." Id.

The policy does not define the phrase "direct physical loss." A survey of cases from Kansas confirms that the phrase requires some physical event or force on, in or affecting the property in question and not mere "loss of use." See Promotional Headwear Int'l v. Cincinnati Ins. Co., No. 20-2211, 2020 WL 7078735 (D. Kan. Dec. 3, 2020). The Court finds ruling otherwise would disparage the meaning of the word "physical."

For example, in Great Plains, "a hail storm . . . caused damage to the siding and HVAC units of the Covered Property." Great Plains Ventures, Inc. v. Liberty Mutual Fire Ins. Co., 161 F. Supp.3d 970, 974 (D. Kan. Feb. 11, 2016). The court found, "'physical loss or damage' includes hail damage that physical alters an insured's property." Id. Additionally, the court found on summary judgment that plaintiff's assertion, that physical loss or damage unambiguously applies to cosmetic hail dents, adequate and coverage existed.

In contrast, courts have found events that fail to have a physical effect on the insured's property fail to give rise to coverage. In Promotional Headware International, the Kansas District Court found "in the context of COVID-19 . . . direct physical loss or damage to the property

requires a tangible, actual change or intrusion on the covered property." Promotional Headware International, 2020 WL 7078735 *7. Additionally, "[t]he Stay at Home orders are certainly not a physical intrusion onto the property." Id. "And while the threat of COVID-19 transmission may prohibit gathering at the property, there is no allegation that the virus has physically intruded onto the property." Id.

Here, in contrast to Great Plains, Plaintiffs assert, "Plaintiffs' premises likely have been infected with COVID-19 and they have suffered direct physical loss to the property." (Doc. 1 at 9). Notably, Plaintiffs' argument fails to allege facts of direct physical loss to the property like Great Plains. Plaintiffs' argument is more analogous to the plaintiffs in Promotional Headware International. Thus, corresponding with the court in Promotional Headware International, the Court finds this argument erroneous. Promotional Headware International, 2020 WL 7078735, at *6 ("the overwhelming majority of cases to consider business income claims stemming from COVID-19 with similar policy language hold that 'direct physical loss' can occur if the property is 'rendered unusable by physical forces.'")

In similar COVID-19 insurance coverage cases, district courts have repeatedly held that "direct physical loss requires showing some 'tangible damage.'" See, e.g. Turek Enter., Inc. v. State Farm Mut. Auto. Ins. Co., 484 F.Supp.3d 492 (E.D. Mich. Sept. 3, 2020) (interpreting direct physical loss as requiring "some tangible damages to Covered Property."); Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co., No. 20-03750, 2020 WL 6562332, at *4-6 (N.D. Cal. Nov. 9, 2020) (rejecting the insureds argument that closing business due to stay at home orders or to avoid risk of contamination qualifies as "direct physical loss" or "physical damage."); Sandy Point Dental, PC v. Cincinnati Ins. Co., No. 20-2160, 2020 WL 5630465, at *2-3 (N.D. Ill. Sept. 21, 2020) (finding the coronavirus does not physically alter the appearance, shape, color, structure, or

9

other material dimension of the property, therefore plaintiffs failed to plead a direct physical loss.); Diesel Barbershop, LLC v. State Farm Lloyds, No. 5-20-461, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020) (finding a business that was ordered to close did not suffer direct physical loss or physical damage, because there was no tangible change on the property, and thus nothing "physical" occurred).

Applying these principles, the Court finds Plaintiffs' complaint fails to state a claim for relief that is plausible on its face. In the complaint, Plaintiffs alleged "premises likely have been infected with COVID-19 and they have suffered direct physical loss to the property." (Doc. 1 ₽50). Similar to the courts in Great Plains and Promotional Headwear International, and the persuasive authority of district courts across the nation, this Court finds a direct physical loss requires a showing of an actual change or intrusion on the property. Here, the mere speculation or likelihood that COVID-19 has entered the premises at issue is insufficient.

The Court acknowledges the impact COVID-19 has had on businesses across the country and the financial impact it may inure. Notwithstanding, "[t]he fact that the virus travels through the air and was present in the United States . . . does not support the assertion that it 'likely' exists on . . . Plaintiff[s'] property." Promotional Headware International, 2020 WL 7078735, at *8. Therefore, Plaintiffs' Counts I, II, III and IV are dismissed.

III. **Defendant's Motion for Judgment on the Pleadings is Granted as to Plaintiffs' Counts V and VI Civil Authority Coverage Claims.**

The Civil Authority section of the Policy states the Defendant, "will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to **direct physical loss** of or damage to the premises." (Doc. 18-3 at 133) (emphasis added). Because recovery under the Civil Authority Endorsement requires Plaintiffs to demonstrate direct physical loss, and because Plaintiff cannot

10

make this showing as set forth above, Defendant is entitled to judgement as a matter of law on Counts V and VI.

### IV. Defendant's Motion for Judgment on the Pleadings is Granted as to Plaintiffs' Counts VII and VIII Property Loss Conditions Claims.

To execute this provision, the insured must bring a claim that is a "Covered Cause of Loss." (Doc. 18-13 at 141). According to the policy, a Covered Cause of Loss is a "[r]isks of **Direct Physical Loss**." (Doc. 18-3 at 129) (emphasis added). Because recovery under the Property Loss Conditions section of the policy requires Plaintiff to demonstrate a direct physical loss, and because Plaintiff cannot make this showing as set forth above, Defendant is entitled to judgment on Counts VII and VIII.

## CONCLUSION

For the reasons stated above, the Court concludes the existence of COVID-19 and various Stay at Home orders in Kansas, Missouri and Oklahoma, does not constitute a "direct physical loss of or damage to" the business premises. Therefore, Plaintiffs' Counts I, II, III, IV, V, VI, VII, and VIII are dismissed. Accordingly, it is hereby

ORDERED Defendant's Motion for Judgment on the Pleadings (Doc. 29) is GRANTED.

IT IS SO ORDERED.

DATED: <u>May 19, 2021</u>　　　　　　　　　　　/s/ Brian C. Wimes
　　　　　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT